**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**Electronically Filed**

| | | |
|---|---|---|
| SCHULTE HOSPITALITY GROUP, INC.<br>FLORENCE SCHULTE, LLC<br>DARRYL D. SCHULTE, JR.<br>RAY SCHULTE<br>SUSAN SCHULTE<br><br>PLAINTIFFS<br><br>v.<br><br>FLORENCE HOSPITALITY, LLC<br>YAGNESH PATEL<br>JOHN IOAN TAMPA<br><br>DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:12cv-748 S<br><br>Removed from Jefferson Circuit Court, Division Three (3), Case No. 12-CI-05631 |

**PETITION FOR REMOVAL**

Defendants, Yagnesh Patel and John Ioan Tampa, hereby file their Petition for Removal of the above-captioned civil action to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1332 et seq., 28 U.S.C. § 1441 et seq., and the doctrine of protective jurisdiction. Defendant Florence Hospitality, LLC ("Florence Hospitality) joins in this petition. As grounds for the removal of this action, Defendants state:

On or about October 22, 2012, Plaintiffs Schulte Hospitality Group, Inc. ("SHG"), Florence Schulte, LLC, Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte, filed a complaint against Florence Hospitality, Yagnesh Patel, and John Ioan Tampa in the Commonwealth of Kentucky, Jefferson Circuit Court, Division Three, entitled Schulte Hospitality Group, Inc.,

Florence Schulte, LLC, Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte v. Florence Hospitality, LLC, Yagnesh Patel, and John Ioan Tampa, Case No. 12-CI-05631.

The complaint and summons were served on Defendant Yagnesh Patel on or about October 24, 2012, and on Defendant John Tampa on or about November 2, 2012. Upon information and belief, Defendant Florence Hospitality was also served on October 24, 2012. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

The complaint alleges breach of contract against the Defendants Yagnesh Patel and John Ioan Tampa, and seeks injunctive relief and a declaratory judgment as to the ownership interests of Florence Hospitality, a Kentucky limited liability company in which Florence Schulte, LLC, Yagnesh Patel, and John Ioan Tampa are the sole members.

This case is removable under 28 U.S.C. § 1441(b) because this Court would have had original jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a). The real parties in interest in this action are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Yagnesh Patel, pursuant to authority granted by Florence Hospitality, has consented to the removal of this case as evidenced by the attached executed Consent to Removal, attached as **Exhibit A**.

In addition, this case is removable pursuant to the doctrine of protective jurisdiction because there is a pending case in the Southern District of Indiana styled Schulte Hospitality Group, Inc. v. Yagnesh Patel and John Ioan Tampa, Case No. 1:12-CV-0768WTL-MJD, in which Plaintiff in this action, SHG, has asserted claims against the Defendants in this action, Yagnesh Patel and John Ioan Tampa. In the Southern District of Indiana case, Plaintiff SHG seeks breach of contract damages essentially identical to the breach of contract damages it seeks in the instant case.

**The Real Parties in Interest are Diverse**

Diversity jurisdiction exists because the real parties in interest in this action – SHG, Florence Schulte, LLC, Darryl D. Schulte, Jr., Ray Schulte, Susan Schulte (Plaintiffs), on the one hand, and Yagnesh Patel and John Ioan Tampa (Defendants), on the other hand – are citizens of different states. Plaintiff SHG is an Illinois corporation with its principal place of business in Kentucky; Florence Schulte, LLC, is a Kentucky limited liability company whose members, Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte, are all citizens of Kentucky; and the individual Schulte Defendants are all citizens of Kentucky. Yagnesh Patel is a citizen of and resides in Indiana, and John Ioan Tampa is a citizen of and resides in Georgia.

Although Defendant Florence Hospitality is a Kentucky limited liability company, Florence Hospitality is a nominal party whose presence should be ignored for the purposes of determining diversity jurisdiction. In determining whether complete diversity exists for purposes of 28 U.S.C. § 1332, courts disregard nominal or formal parties and look only to the citizenship of the real parties in interest to the controversy. See Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980); Maiden v. N. American Stainless, L.P., 125 Fed. Appx. 1, 3-4 (6th Cir. 2004); Harris v. Jackson, 192 S.W.2d 297, 303 (Ky. 2006) ("The real party in interest is one who is entitled to the benefits of the action upon the successful termination thereof.").

In this case, Florence Hospitality is a nominal party because it has no real interest in the outcome of the case. By its terms, Plaintiffs' complaint seeks a declaration of the ownership interests **in** Florence Hospitality. Florence Hospitality itself has no real stake in the resolution of this question; only Florence Schulte, LLC, Yagnesh Patel and John Ioan Tampa, as the sole members of Florence Hospitality, have a stake in the declaration Plaintiffs seek. In fact, Defendants contend that Florence Hospitality was fraudulently joined in this action in an attempt

to defeat diversity jurisdiction because Plaintiffs have no colorable cause of action against Florence Hospitality. See Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999). It was not necessary for Florence Hospitality to have been made a party to this action.

**The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.**

Jurisdiction under 28 U.S.C. § 1332(a) requires that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. It is apparent from the face of the complaint that the amount in controversy in this case exceeds that threshold. In the complaint, Plaintiffs allege entitlement to, among other things, $330,040 in damages from the Defendants. This figure does not include the relative value of the alleged ownership interest in Florence Hospitality concerning which Plaintiffs seek a declaratory judgment. (See Complaint for Money Damages and Declaratory and Injunctive Relief at ¶¶ 46-51; Prayer for Relief at ¶¶ 1-2).

Because complete diversity of citizenship exists and the amount in controversy threshold is satisfied, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). This action is therefore removable under 28 U.S.C. § 1441. In addition, and as explained above, this action is also removable under the doctrine of protective jurisdiction.

A copy of all process, pleadings and orders served upon the Defendants in this action is attached hereto as **Exhibit B** and filed herewith pursuant to 28 U.S.C. § 1446(a).

Respectfully submitted,

LYNCH, COX, GILMAN & GOODMAN, P.S.C.

/s/ Donald L. Cox
Donald L. Cox
David W. Hemminger
500 W. Jefferson St., Ste. 2100
Louisville, Kentucky 40202
(502)589-4215 (phone)
(502)589-4994 (fax)
doncox@lcgandg.com
dhemminger@lcgandg.com

*Counsel for Defendants Yagnesh Patel and John Ioan Tampa*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and also served by U.S. Mail, postage prepaid, on this 9th day of November, 2012 to:

Clark C. Johnson
Brian R. Pollock
STITES & HARBISON, PLLC
400 W. Market St., Ste. 1800
Louisville, Kentucky 40202-3352

*Counsel for Plaintiffs*

/s/Donald L. Cox