# EXHIBIT B

AOC-105 Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

CIVIL SUMMONS

Case No. 12CI05631
Court ☑ Circuit ☐ District
County Jefferson

PLAINTIFF

Schulte Hospitality Group, Inc., et al.
2120 High Wickham Place, Suite 200

Louisville Kentucky 40245

RECEIVED
OCT 24 2012
BY:

VS.

DEFENDANT

Yagnesh Patel
3564 Hintocks Circle

Carmel Indiana 46032

**Service of Process Agent for Defendant:**
Serve: Kentucky Secretary of State
Summonses Branch
P.O. Box 718
Frankfort Kentucky 40602

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: OCT 22 2012, 2______

DAVID L. NICHOLSON, CLERK Clerk
By: ______________________ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

this _____ day of ________________, 2______.

Served by: ______________________
______________________ Title

No. 12CI 05631

JEFFERSON CIRCUIT COURT
DIVISION_______
JUDGE ______________

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)

SCHULTE HOSPITALITY GROUP, INC.
FLORENCE SCHULTE, LLC
DARRYL D. SCHULTE, JR.
RAY SCHULTE
SUSAN SCHULTE

PLAINTIFFS

v.

**COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

FLORENCE HOSPITALITY, LLC
Serve: Registered Agent
2120 High Wickham Place, Suite 200
Louisville, KY 40245

YAGNESH PATEL
Serve: 3564 Hintocks Circle
Carmel, IN 46032

JOHN IOAN TAMPA
Serve: 3248 Camp Branch Circle
Buford, GA 30519

DEFENDANTS

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
OCT 22 2012
BY ________ DEPUTY CLERK

**JURY TRIAL DEMANDED**

* * * * *

Plaintiffs, Schulte Hospitality Group, Inc., Florence Schulte, LLC, Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte ("Plaintiffs"), for their complaint against Florence Hospitality, LLC, Yagnesh Patel, and John Ioan Tampa ("Defendants"), state as follows:

## INTRODUCTORY STATEMENT

1. Plaintiffs seek to recover damages for breach of contract, a declaratory judgment regarding the obligations of the parties to the contract, and an order preventing Defendant Florence Hospitality, LLC, from distributing its assets.

## PARTIES

2. Schulte Hospitality Group, Inc. ("SHG") is an Illinois corporation with its principal place of business located at 2120 High Wickham Place, Suite 200, Louisville, Kentucky 40245. SHG owns and/or manages various hospitality venues throughout Kentucky and other states.

3. Florence Hospitality, LLC ("Florence Hospitality") is a Kentucky limited liability company with its principal place of business located at 2120 High Wickham Place, Suite 200, Louisville, Kentucky 40245. Its members are Florence Schulte, LLC ("Florence Schulte"), Yagnesh Patel, and John Ioan Tampa.

4. Florence Schulte is a Kentucky limited liability company with its principal place of business located at 2120 High Wickham Place, Suite 200, Louisville, Kentucky 40245. Florence Schulte's members are Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte (collectively, the "Schultes").

5. Darryl Schulte is an individual with a primary residence located in Louisville, Kentucky. He is the CEO of SHG.

6. Ray Schulte is an individual with a primary residence located in Louisville, Kentucky. He is the COO of SHG.

7. Susan Schulte is an individual with a primary residence located in Louisville, Kentucky.

8. Yagnesh Patel is an individual with a primary residence located at 3564 Hintocks Circle, Carmel, Indiana 46032.

9. John Ioan Tampa is an individual with a primary residence located at 3248 Camp Branch Circle, Buford, Georgia 30519.

## JURISDICTION AND VENUE

10. Jurisdiction is proper in this Court because the amount in controversy exceeds the jurisdictional minimum of this Court.

11. Venue is proper in this Court pursuant to KRS 452.450 because the principal places of businesses of SHG and Florence Hospitality are located in Jefferson County, Kentucky. The Schultes executed the subject contract in Jefferson County, Kentucky.

## FACTS PRIOR TO THE AGREEMENT

12. SHG has entered into various business transactions with Mr. Patel or Mr. Tampa or their related entities for a number of years.

13. In July 2011, Mr. Patel and Mr. Tampa entered into an agreement with Florence Schulte to incorporate Florence Hospitality for the purpose of purchasing and operating the Cincinnati Airport Courtyard by Marriott (the "Florence Hotel") located at 46 Cavalier Boulevard, Florence, Kentucky. Florence Schulte and/or the Schultes made an initial capital contribution to Florence Hospitality of $66,667. Mr. Patel and Mr. Tampa each made an initial capital contribution to Florence Hospitality of $66,666.

Subsequently, certain Plaintiffs have made numerous additional capital contributions, such that their contributions exceed $830,000, with additional capital expenditures due in coming months.

14. In pursuing the purchase of the Florence Hotel, the parties had made commitments on loan documents, Franchise Agreements, and other liabilities in connection with a Three Million, Eight Hundred Thirty-Seven Thousand and Fifty Dollar ($3,837,050) loan from Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MKB2, Commercial Mortgage Pass-Through Certificates, Series 2005-MKB2 ("Wells Fargo Loan").

15. In August 2011, SHG had transferred $650,000 to Mr. Tampa and Mr. Patel, in purchase of a 30% equity ownership interest in an entity formed to own and operate another hotel. Mr. Tampa and Mr. Patel have treated the funds from SHG as a loan. Mr. Patel returned $100,000 on August 31, 2011, through two related entities. Mr. Tampa returned $100,000 on December 16, 2011, through a related entity. As of December 16, 2011, the remaining balance due on the obligation to SHG was $450,000. (the "SHG Obligation")

16. The parties' relationship deteriorated as a result of a number of disputes. However, recognizing the consequences of not consummating the purchase of the Florence Hotel, the parties chose to continue with closing. Florence Hospitality finalized the purchase on December 29, 2011, and closed on the Florence Hotel purchase. In addition to personal obligation under the Wells Fargo Loan, Mr. Patel and Mr.

Tampa -- like Plaintiff Darryl Schulte -- had obligations under the franchise agreement with Marriott.

## FACTS REGARDING THE AGREEMENT

17. In December 2011, the parties entered into negotiations to resolve disputes regarding the purchase and operation of the Florence Hotel. The parties exchanged draft documents of an agreement throughout December 2011. These negotiations resulted in an agreement that was memorialized in a writing on December 29, 2011.

18. On or about December 29, 2011, Florence Hospitality, Darryl D. Schulte, Jr., Ray Schulte, Susan Schulte, Mr. Tampa, and Mr. Patel entered into an agreement titled "AGREEMENT REGARDING INTEREST IN FLORENCE HOSPITALITY, LLC" (the "Agreement") (a copy of the Agreement is attached as **Exhibit A**).

19. On December 29, 2011, Mr. Patel requested an executed copy of the Agreement. Darryl Schulte sent Mr. Patel and Mr. Tampa an email with an executed copy of the Agreement. He requested that it be signed and returned. Mr. Patel acknowledged the email from Darryl Schulte and accepted the Agreement. Darryl Schulte also sent the original via U.S. Mail.

20. The Agreement provided for, among other things, the repayment of the SHG Obligation by Mr. Tampa and Mr. Patel. The Agreement reduced the amount owed on the SHG Obligation to $317,000. This amount represented the $450,000 less a credit of $133,000 for the transfer of Mr. Patel's and Mr. Tampa's membership interest in Florence Hospitality. The Agreement provided a payment plan of $100,000 that shall be due and payable upon closing of the Wells Fargo Loan, another $40,000 that shall be

due and payable not later than January 31, 2012, another $40,000 that shall be due and payable not later than February 28, 2012, and the final $137,000 that shall be due and payable not later than March 31, 2012 ("Payment Plan").

21. The Agreement intended to benefit SHG by providing for the repayment of the SHG Obligation. SHG credited the capital contribution of Mr. Patel and Mr. Tampa to Florence Hospitality against the SHG Obligation. The Agreement identified SHG as an affiliate of Florence Schulte.

22. The Agreement also provided for the release of Mr. Tampa's and Mr. Patel's obligation under the Wells Fargo Loan in conjunction with the transfer of their membership interests in Florence Hospitality to Florence Schulte or the Schultes. The Agreement established a transfer deadline no later than six (6) months following the date of the Agreement (the "Transfer Deadline").

## FACTS FOLLOWING THE AGREEMENT

23. On or about December 30, 2011, Mr. Patel and Mr. Tampa transferred $99,960 to SHG as a payment on the SHG Obligation.

24. On or about January 11, 2012, Mr. Patel and Mr. Tampa transferred $20,000 to SHG as a payment on the SHG Obligation.

25. On January 31, 2012, the remaining $20,040 of the required $40,000 payment on the SHG Obligation became due and payable.

26. On February 28, 2012, an additional $40,000 payment on the SHG Obligation became due and payable.

27. On March 31, 2012, the final $137,000 payment on the SHG Obligation became due and payable. As of March 31, 2012, Mr. Patel and Mr. Tampa still owed $197,040 on the SHG Obligation.

28. As of March 31, 2012, only Mr. Patel and Mr. Tampa were in default under the Agreement due to their failure to pay the SHG Obligation.

29. On April 13, 2012, Mr. Terry Monday, who represents Mr. Patel and Mr. Tampa contacted SHG and the Schultes regarding a notice from Marriott about a building safety compliance issue. Mr. Monday referenced the obligations under the Agreement, specifically Paragraph 7. He requested information "relative to payment of insurance and property taxes along with all matters related to the franchise agreement with Marriott." Paragraph 8 contains the obligation to provide the requested information, not Paragraph 7.

30. On June 11, 2012, Mr. Monday again contacted the Schultes and SHG regarding their compliance with the Agreement. In his letter, he specifically referenced Paragraph 4 of the Agreement. The performance required by Paragraph 4 was not due at that time as the Transfer Deadline had not passed.

31. SHG and the Schultes have provided Mr. Monday with the requested information.

32. Mr. Patel and Mr. Tampa have not transferred their interest in Florence Hospitality to the Schultes or Florence Schulte. They have made no payments on the SHG Obligation since January 11, 2012.

33. Florence Schulte and the Schultes have not obtained the releases required by the Agreement due to the failure of Mr. Patel and Mr. Tampa to meet their obligations under the Agreement, but Plaintiffs are prepared to perform in the event Mr. Patel and Mr. Tampa perform.

## COUNT I – BREACH OF CONTRACT

34. Plaintiffs incorporate each and every allegation set forth above as if fully incorporated herein.

35. On or about December 29, 2011, Mr. Patel and Mr. Tampa acknowledged the SHG Obligation in the aggregate amount of $317,000. They entered into the Payment Plan provided for in the Agreement.

36. With the closing on December 29, 2011, the agreed $100,000 became due and payable on the SHG Obligation.

37. Mr. Patel and Mr. Tampa agreed $40,000 would be due and payable not later than January 31, 2012. This amount due was not contingent on the happening of any other event.

38. Mr. Patel and Mr. Tampa agreed another $40,000 would be due and payable not later than February 28, 2012. This amount due was not contingent on the happening of any other event.

39. Mr. Patel and Mr. Tampa agreed $137,000 would be due and payable not later than March 31, 2012. This amount due was not contingent on the happening of any other event.

40. Mr. Patel and Mr. Tampa have made payments totaling $119,960 to SHG under the Agreement on the SHG Obligation. There is a balance of $197,040 on the SHG Obligation.

41. The parties intended that the Payment Plan in the Agreement benefit SHG.

42. The transfer of their interests in Florence Hospitality was consideration for SHG to reduce the debt owed to it by Mr. Patel and Mr. Tampa. SHG is entitled to an additional $133,000 in the event that Mr. Patel and Mr. Tampa fail to transfer their interest in Florence Hospitality.

43. To this date, Mr. Patel and Mr. Tampa have made no further payments on the SHG Obligation which they acknowledged in the Agreement.

44. Mr. Patel and Mr. Tampa attempted to enforce the Agreement through their counsel, Mr. Monday, on April 13, 2012 and June 11, 2012.

45. Mr. Patel and Mr. Tampa have breached the Agreement to pay the SHG Obligation in full by March 31, 2012.

## COUNT II – DECLARATORY JUDGMENT

46. The Plaintiffs incorporate each and every allegation set forth above as if fully incorporated herein.

47. The Schultes agreed to cause the release of all obligations of Mr. Patel and Mr. Tampa under any and all loan documents, Franchise Agreements, or any other liabilities of Florence Hospitality.

48. Mr. Patel and Mr. Tampa agreed to transfer their respective membership interests in Florence Hospitality to the Schultes or Florence Schulte. The consideration for the transfer of their respective membership interests was the releases to be achieved by the Shultes and the reduction in the SHG Obligation.

49. The Schultes have cause for concern about the actual transfer of the membership interests of Mr. Patel and Mr. Tampa due to their failure to repay the SHG Obligation. The Schultes are unwilling to cause the releases of Mr. Patel and Mr. Tampa without adequate assurances that their respective membership interests in Florence Hospitality will be transferred to the Schultes or Florence Schulte.

50. The parties disagree over the timing for performance of these two concurrent promises. The position of Mr. Patel and Mr. Tampa is that their obligation to transfer does not arise until they receive evidence of the releases. The Schultes would be unprotected if they caused the releases without first obtaining the transfer of the membership interest.

51. An actual and bona fide controversy exists between the Schultes and Mr. Patel and Mr. Tampa as to their legal obligations under this agreement. The rights and obligations of the parties under this agreement can be determined only by a declaratory judgment.

**COUNT III – INJUNCTIVE RELIEF**

52. The Plaintiffs incorporate each and every allegation set forth above as if fully incorporated herein.

53. Mr. Patel and Mr. Tampa agreed to transfer their respective membership interests in Florence Hospitality to Florence Schulte or the Schultes. Mr. Patel and Mr. Tampa further agreed they were not entitled to any profits and revenue generated by the Florence Hotel, prior to and after they transferred their interest in Florence Hospitality to Florence Schulte or the Schultes.

54. Mr. Patel and Mr. Tampa additionally agreed they were not entitled to any return of their capital investment.

55. Any use of Florence Hospitality's property or distribution by Florence Hospitality to all members will cause irreparable harm and economic damage to Florence Schulte or the Schultes. No prior order restraining Mr. Patel or Mr. Tampa from the use of Florence Hospitality's property or Florence Hospitality from issuing distributions has been made nor has any court refused same.

WHEREFORE, Plaintiffs demand the following relief:

1. Judgment in the amount of $197,040.00 due and owing to SHG from John Ioan Tampa and Yagnesh Patel, jointly and severally, for breach of the Agreement, with prejudgment interest of eight (8) per cent, compounded annually, from March 31, 2012 until date of judgment;

2. Judgment in the amount of $133,000 due and owing to SHG from John Ioan Tampa and Yagnesh Patel, jointly and severally, for breach of the Agreement, with prejudgment interest of eight (8) per cent, compounded annually, from March 31, 2012 until date of judgment;

3. A declaratory judgment establishing the rights and obligations of the parties to performance of the concurrent promises under the Agreement;

4. A restraining order and injunction against Defendant, Florence Hospitality, LLC from issuing distributions while Mr. Tampa or Mr. Patel retain their membership interest;

5. Their attorneys' fees and costs incurred herein; and

6. Any and all other relief to which it appears entitled.

PLAINTIFFS DEMAND TRIAL BY JURY.

Clark C. Johnson
Brian R. Pollock
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
COUNSEL FOR PLAINTIFFS

**EXHIBIT A**

# AGREEMENT REGARDING INTEREST IN FLORENCE HOSPITALITY, LLC

THIS AGREEMENT REGARDING INTEREST IN FLORENCE HOSPITALITY, LLC, is entered into this __ day of December, 2011 by and among FLORENCE HOSPITALITY, LLC, a Kentucky limited liability company ("Florence Hospitality"), DARRYL D. SCHULTE, JR., RAY SCHULTE and SUSAN SCHULTE (collectively "Schulte"), JOHN I. TAMPA ("Tampa") and YAGNESH PATEL ("Patel").

## RECITALS:

A. Tampa, Patel and Florence Schulte, LLC, a Kentucky limited liability company ("Florence Schulte"), are all of the members of Florence Hospitality. Darryl D. Schulte, Jr. is the manager member of Florence Schulte LLC. Darryl D. Schulte, Jr., Ray Schulte and Susan Schulte are all members of Florence Schulte LLC.

B. Tampa and Patel desire to transfer their respective membership interests in Florence Hospitality not later than six (6) months from the date hereof (the "Transfer Deadline"), and Schulte desires to assume such membership interest individually, or on behalf of Florence Schulte LLC not later than the Transfer Deadline.

IN CONSIDERATION THEREFOR, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Schulte agrees:

(a) Not later than the Transfer Deadline, to cause the release of all obligations of Tampa and Patel under any and all loan documents (the "Loan Documents"), Franchise Agreements or any other liabilities of Florence Hospitality, executed by Tampa and Patel in connection with a Three Million, Eight Hundred Thirty-Seven Thousand and Fifty Dollar ($3,837,050.00) loan from Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MKB2, Commercial Mortgage Pass-Through Certificates, Series 2005-MKB2, assumed by Florence Hospitality; and

(b) To indemnify Tampa and Patel with respect to any claims or liability incurred by them arising from enforcement of the Loan Documents, Franchise Agreements or any other liabilities of Florence Hospitality from the date hereof through three (3) years after the Transfer Deadline.

2. Tampa and Patel agree to transfer their respective membership interests in Florence Hospitality to Schulte or Florence Schulte, in consideration for and upon receipt of evidence of the releases described in Section 1(a) above. No additional consideration will be given to Tampa and Patel in exchange for their interest in Florence Hospitality and, prior to and after the transfer of interest, Tampa and Patel shall not be entitled to any profits and revenue generated by the Cincinnati Airport Courtyard by Marriott, nor shall Tampa and Patel be entitled to any return of their capital investment, notwithstanding the terms of the Florence Hospitality Operating Agreement.

3. In the event that Florence Hospitality, Florence Schulte and/or Schulte fail to secure and obtain the releases described in Section 1(a) above within thirty (30) days after the Transfer Deadline, Florence Schulte shall pay Tampa and Patel $10,000.00 per month (the "Extension Payment") until such time as evidence of such releases described in Section 1(a) above have

been delivered to Tampa and Patel. The Extension Payment shall be due and payable on the first day of each month following the date which is thirty (30) days after the Transfer Deadline, until evidence of such releases have been delivered. In the event that Florence Hospitality, Florence Schulte and/or Schulte fail to secure and obtain the releases described in Section 1(a) above by December 31, 2012, Florence Schulte shall pay Tampa and Patel a one-time extension fee of $100,000.00, plus the monthly Extension Payment until such time as evidence of such releases described in Section 1(a) above have been delivered to Tampa and Patel, which evidence shall be delivered not later than December 31, 2013.

4. In the event that Florence Hospitality, Florence Schulte and/or Schulte fail to secure and obtain the releases described in Section 1(a) above, Florence Schulte and/or Schulte shall pay any and all costs associated with any refinancing or transfer expenses incurred by Patel or Tampa. Additionally Florence Hospitality, Florence Schulte and Schulte will turnover any bank accounts, agreements, income and management relative to Florence Hospitality to Patel and Tampa.

5. Darryl D. Schulte, Jr., Ray Schulte and Susan Schulte hereby agree that they may not transfer their ownership interest in and to Florence Schulte, LLC or the ownership interests of Florence Schulte LLC in and to Florence Hospitality, LLC to any person or entity without the express written consent of Patel or Tampa or until the releases described in Section 1(a) above have been successfully accomplished.

6. Schulte, Florence Schulte and Florence Hospitality hereby waive any and all notice of default under the above agreement.

7. Any default by Schulte, Florence Schulte or Florence Hospitality of any obligation contained in the Loan Documents, Franchise Agreement, Insurance Agreement or Property Tax Payment requirements shall be a default of this Agreement and any uncured default for a period of thirty (30) days or more shall trigger Florence Schulte's obligation to make the monthly Extension Payment in accordance with the terms of Section 3 above.

8. Within thirty (30) days after receipt of a written request, Schulte, Florence Schulte and Florence Hospitality shall provide to Patel and Tampa proof of insurance, proof of payment of real estate taxes, and updates and standing with respect to the obligations under the Franchise Agreement.

9. Patel and Tampa hereby acknowledge a debt to Schulte Hospitality Group, Inc., an affiliate of Florence Schulte, in the aggregate amount of $317,000, $100,000 of which shall be due and payable upon closing of the loan referenced in Section 1(a) above, another $40,000 of which shall be due and payable not later than January 31, 2012, another $40,000 of which shall be due and payable not later than February 28, 2012, and the final $137,000 of which shall be due and payable not later than March 31, 2012.

10. Patel and Tampa shall also hold Darryl D. Schulte, Jr. harmless and shall indemnify Darryl D. Schulte, Jr. for any and all damages, costs or liabilities (including but not limited to reasonable attorneys' fees) incurred by Darryl D. Schulte, Jr. as a result of his execution of a

guaranty agreement in connection with a $2,150,000 loan to Sasi, LLC, secured by property located in Birmingham, Alabama.

(signatures on following page)

WITNESS WHEREOF, the undersigned have executed this Agreement as of the date set forth above.

Darryl D. Schulte, Jr.

Ray Schulte

Susan Schulte

John I. Tampa

Yagnesh Patel

NO. 12-CI-05631

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE PERRY

SCHULTE HOSPITALITY GROUP, INC.
FLORENCE SCHULTE, LLC
DARRYL D. SCHULTE, JR.
RAY SCHULTE
SUSAN SCHULTE

PLAINTIFFS

v.

**NOTICE OF MOTION - MOTION - ORDER**

FLORENCE HOSPITALITY, LLC
YAGNESH PATEL
JOHN IOAN TAMPA

DEFENDANTS

* * * * *

**NOTICE**

Please take notice that on Monday, November 5, 2012, at 9:45 a.m., Plaintiffs will appear in Jefferson Circuit Court, Division Three, make the following motion, and tender the attached Order.

**MOTION FOR TEMPORARY INJUNCTION**

Plaintiffs, by counsel, hereby move the Court, pursuant to CR 65.04, for entry of the proposed temporary injunction tendered herewith. A memorandum in support of this motion is attached.

Clark C. Johnson
Brian R. Pollock
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
COUNSEL FOR PLAINTIFFS

## CERTIFICATE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following via overnight delivery this 31st day of October, 2012.

Terry Monday
Monday Jones & Albright
1915 Broad Ripple Avenue
Indianapolis, IN 46220
*Counsel for Individual Defendants*

Florence Hospitality, LLC
2120 High Wickham Place, Suite 200
Louisville KY 40245

Yagnesh Patel
3564 Hintocks Circle
Carmel, IN 46032

John Ion Tampa
3248 Camp Branch Circle
Buford, GA 30519

Clark C. Johnson

NO. 12-CI-05631

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE PERRY

SCHULTE HOSPITALITY GROUP, INC.
FLORENCE SCHULTE, LLC
DARRYL D. SCHULTE, JR.
RAY SCHULTE
SUSAN SCHULTE

PLAINTIFFS

v.

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY INJUNCTION**

FLORENCE HOSPITALITY, LLC
YAGNESH PATEL
JOHN IOAN TAMPA

DEFENDANTS

* * * * *

Plaintiffs, Schulte Hospitality Group, Inc., Florence Schulte, LLC, Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte ("Plaintiffs" or "Schultes"), tender the following memorandum in support of their motion for temporary injunction, pursuant to Kentucky Rule of Civil Procedure 65.04, against Florence Hospitality, LLC, Yagnesh Patel, and John Tampa ("Defendants").

## SUMMARY OF THE ARGUMENT

This is a dispute concerning, and amongst the members of, Florence Hospitality, LLC ("Florence Hospitality"), a Kentucky limited liability company. Defendants Patel and Tampa have called a Special Meeting of Florence Hospitality for November 12, 2012. The currently called meeting of the members of Florence Hospitality must be enjoined to prevent immediate and irreparable injury to Plaintiffs. The equities favor issuing this temporary injunction because Defendants Patel and Tampa, in

contravention of their December 2011 Agreement to transfer their interests in Florence Hospitality, intend to harm the other member, Plaintiff Florence Schulte, by calling the Special Meeting. Allowing the meeting to occur will nullify the benefits that the Schultes bargained for in entering into the December 2011 Agreement with Mr. Patel and Mr. Tampa.

## FACTUAL BACKGROUND

In July 2011, Florence Schulte and the Individual Defendants entered into an agreement to form Florence Hospitality for the purpose of purchasing and operating the Cincinnati Airport Courtyard by Marriott (the "Florence Hotel") located at 46 Cavalier Boulevard, Florence, Kentucky. *See* Affidavit of Darryl Schulte, attached as Exhibit A. Shortly thereafter, the business relationship between the parties deteriorated in connection with other unrelated ventures. However, the transaction for the Florence Hotel had to proceed to consummation or significant damages would result to both the Schultes and the Individual Defendants. *Id.*

In the interest of avoiding subsequent discord, the parties negotiated a settlement of their respective interests in Florence Hospitality. *Id.* Florence Hospitality, Darryl Schulte, Ray Schulte, Susan Schulte, Yagnesh Patel, and John Tampa entered into an agreement on or about December 29, 2011. The parties memorialized the agreement in a document entitled "Agreement Regarding Interest in Florence Hospitality, LLC" (the "December 2011 Agreement") (a copy of the Agreement is attached as Exhibit B). The Individual Defendants repeatedly have acknowledged the December 2011 Agreement and its enforceability. While the Individual Defendants have attempted to enforce

certain provisions of the December 2011 Agreement, they have failed to perform their obligations under it.

The Schultes accepted the December 2011 Agreement based on the consideration of the transfer of the Individual Defendants' interests in Florence Hospitality to Florence Schulte or the individual Schultes and the repayment of the obligation to SHG. The Individual Defendants accepted the December 2011 Agreement based on the release of their obligations under loan documents, Franchise Agreements, and other liabilities in connection with a Three Million, Eight Hundred Thirty-Seven Thousand and Fifth Dollar ($3,837,050) loan from Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MKB2, Commercial Mortgage Pass-Through Certificates, Series 2005-MKBW ("Wells Fargo Loan"). The Schultes have secured a financing commitment to release the Individual Defendants from their obligations on the Wells Fargo Loan. The Schultes will be able to remove the Individual Defendants from the franchise agreement with their consent. However, notwithstanding the December 2011 Agreement, the Individual Defendants have shown no willingness to transfer their interests in Florence Hospitality. The Individual Defendants have only paid $119,960 on their obligation to SHG since entering into the December 2011 Agreement.

In reliance on the December 2011 Agreement, Plaintiffs have operated the Florence Hotel as if the Individual Defendants would no longer have a membership interest in Florence Hospitality. *See* Affidavit of Darryl Schulte. Certain Plaintiffs have made numerous additional capital contributions, such that their contributions exceed

$830,000, with additional capital expenditures due in the coming months. Plaintiffs are operating and managing the renovation of the Florence Hotel successfully.

The discord between the parties has intensified as the Individual Defendants have chosen to ignore the December 2011 Agreement. On October 22, 2012, the Plaintiffs filed this lawsuit in order to enforce the December 2011 Agreement and preserve Florence Hospitality from the machinations of the Individual Defendants. The next day, the Individual Defendants called a Special Meeting to be held on Monday, November 12, 2012, at 11:00 a.m. EST. *See* Notice of Special Meeting of the Members, attached as Exhibit C. At this meeting, the Individual Defendants intend to remove Florence Schulte as Manager of Florence Hospitality. *Id.* They also intend to issue a Notice of Default to Schulte Hospitality Group ("SHG") under the Hotel Management Contract. *Id.* Besides these significant actions, the Individual Defendants intend to interfere in the day-to-day operations of Florence Hospitality. The possible harm suggested in the complaint has now become an imminent harm which can only be prevented through the issuance of a temporary injunction.

## ARGUMENT

Plaintiffs are entitled to a temporary injunction. The Kentucky Court of Appeals articulated the standard for issuance of injunctive relief in *Maupin v. Stansbury*, 575 S.W.2d 695 (Ky. App. Ct. 1978). Under *Maupin*, a party seeking injunctive relief must prove: (1) The probability of immediate and irreparable injury; (2) The equities favor injunctive relief; and (3) There is a substantial question as to the merits. *Id.* at 699. "If the party requesting relief has shown a probability of irreparable injury, presented a

substantial question as to the merits, and the equities are in favor of issuance, the temporary injunction should be awarded." *Id.*

Here, Plaintiffs meet all three of the *Maupin* requirements and, accordingly, the Court should enter an order prohibiting Florence Hospitality from holding the called Special Meeting and the Individual Defendants should be prohibited from interfering with the operations of Florence Hospitality as managed by Florence Schulte and Darryl Schulte. The status quo must be maintained pending the resolution of this case.

1. **Plaintiffs Will Suffer Immediate And Irreparably Injury Without The Issuance Of A Restraining Order.**

An "irreparable injury" is an injury for which no adequate remedy exists at law. *Wallace v. Jackson*, 229 Ky. 25, 3 S.W.2d 766, 767 (1928). Even with an available legal remedy, an injury is irreparable where "for reasons beyond his control, the complainant cannot avail himself of it . . . ." *Friedburg, Inc. v. McClay*, 173 Ky. 579, 191 S.W. 300, 302 (1917). Additionally, the "remedy must be as practical and efficient as is the equitable remedy in rendering justice and as prompt in its administration." *Id.* "[A]n injury is regarded as irreparable if 'there exists no certain pecuniary standard for the measurement of damages.'" *United Carbon Co. v. Ramsey*, Ky., 350 S.W.2d 454, 456 (1961).

There exists no adequate, legal remedy in this case. The December 2011 Agreement provides for the transfer of the Individual Defendants' interest in Florence Hospitality. If the Special Meeting is allowed to proceed, the Individual Defendants will be positioned to destroy the benefit of the bargain to Plaintiffs. It will not be

possible to determine the value of Florence Hospitality on December 29, 2011, when the Individual Defendants agreed to transfer their interests. The Plaintiffs' substantial investment in Florence Hospitality and the improvements in operations under the supervision of Florence Schulte and Darryl Schulte would be quickly lost if the Special Meeting occurs. The restraining order will maintain the status quo pending the resolution of this case, whereas denying the motion will result in a multiplicity of actions filed in response to the proposed business to be undertaken at the meeting. *See Oscar Ewing, Inc. v. Melton*, 309 S.W.2d 760 (Ky. 1958) (favoring injunctions that maintain status quo).

Whatever money damages might be available, there may still be no adequate legal remedy for breaching the December 2011 Agreement because the "character and circumstances surrounding its execution are such as to make it manifest that its performance is the essential thing intended." *Friedburg*, 191 S.W. at 303. Additionally, the full extent of the damages can never be truly known. The further breach of contract envisioned by the Individual Defendants in calling this Special Meeting will only make a determination of the damages that much more difficult. As with the plaintiff in *Friedburg*, Plaintiffs here are at imminent risk of being deprived of any benefit under the December 2011 Agreement, which makes the temporary injunction the only available means to protect them against irreparable loss. *Id.* at 304.

Since the purchase of the Florence hotel, Florence Schulte alone has managed the operations. In a ham-fisted attempt to interfere with the day-to-day operations of the Florence Hotel and to harm Plaintiffs' expectancy interest under the December 2011

Agreement, the Individual Defendants have called a Special Meeting. If allowed to take the proposed courses of action, the Individual Defendants will cause an immediate harm to Plaintiffs. The injunction is necessary to preserve Plaintiffs' interests in Florence Hospitality pending the trial of the merits. *Maupin*, 575 S.W.2d at 698. There is "a reasonable probability that injury will be done if no injunction is granted." *Hamlin v. Durham*, 235 Ky. 842, 32 S.W.2d 413, 414 (1930).

The proposed Special Meeting of Florence Hospitality on November 12, 2012, will cause immediate and irreparable harm to the Plaintiffs. Plaintiffs stand ready to provide the releases described in the December 2011 Agreement in exchange for transfer of the membership interests as agreed. Plaintiffs seek to require the Individual Defendants to transfer their membership interests in Florence Hospitality into an escrow account prior to obtaining the releases. Plaintiffs seek to maintain the status quo and prevent the Individual Defendants from so greatly harming Florence Hospitality as to obviate any need to transfer the interests. If the Individual Defendants are allowed to interfere in the operations of Florence Hospitality, the Florence Hotel will shortly return to where the parties found it: bankruptcy.

**2. The Equities Favor Issuance Of A Restraining Order.**

Against the immediate and irreparable harm that Plaintiffs stand to suffer from the Individual Defendants' conduct, the Court must weigh the absence of any commensurate harm to the legitimate interests of the Individual Defendants. *Maupin*, 575 S.W.2d at 699. This "balance of harm" weighs in favor of issuing the requested temporary injunction, which does no more than require the Individual Defendants to

comply with the very same contractual terms into which they voluntarily agreed when the parties entered into the December 2011 Agreement. *See Lareau v. O'Nan*, 355 S.W.2d 679, 681 (Ky. 1962).

In this "balance of harm" analysis, it must be remembered that Plaintiffs are not seeking to prevent Florence Hospitality from ever holding a meeting. Rather, Plaintiffs simply seek to enforce the terms of the December 2011 Agreement that the Individual Defendants agreed to—a prohibition on the Individual Defendants from interfering with Florence Hospitality pending the transfer of their interests. The looming Special Meeting and proposed business will irreparably harm Plaintiffs, whereas enjoining that meeting will maintain the status quo, not harm the Individual Defendants.

**3. The Complaint Raises A Serious Question Warranting A Trial On The Merits.**

In order for an injunction to issue, it is only necessary to "raise[] a serious question warranting a trial on the merits." *Maupin*, 575 S.W.2d at 699. Allowing the Individual Defendants to hold the called Special Meeting risks "effectively dispos[ing] of the merits without a full trial." *Id.* The Individual Defendants will be positioned to eviscerate the subject matter of the December 2011 Agreement without showing they were entitled to exercise these membership interests. By the December 2011 Agreement, the Individual Defendants effectively relinquished their interests in Florence Hospitality. The only remaining step is to provide the documentation to complete the transfer. The Individual Defendants cannot exercise rights which they

equitably no longer have. At a minimum, there are serious questions as to each of those matters.

CONCLUSION

The parties recognized that their relationship was irretrievably broken and entered into a negotiated settlement to resolve any disputes that would arise from the Florence Hotel transaction. The December 2011 Agreement provided for the transfer of Mr. Patel's and Mr. Tampa's respective interests in Florence Hospitality to Florence Schulte or the individual Schultes. The Individual Defendants also agreed that they would not be entitled to any profits and revenue generated by the Florence Hotel. The Individual Defendants have violated the December 2011 Agreement by not paying their obligation to SHG.

Plaintiffs have presented sufficient evidence for the issuance of a restraining order. There can be no dispute that Plaintiffs will suffer immediate and irreparable harm by having the Individual Defendants call a Special Meeting of Florence Hospitality and conduct business for the sole purpose of interfering with Plaintiffs' interests. In addition, the balance of the equities are in Plaintiffs' favor as the Individual Defendants first breached the December 2011 Agreement and there will be no harm to them by maintaining the status quo. Finally, it is clear that the merits are in favor of Plaintiffs and that the complaint has raised a serious question warranting a trial on the merits to determine the scope and enforceability of the December 2011 Agreement. Accordingly, Plaintiffs request that the court enter the temporary injunction.

Clark C. Johnson
Brian R. Pollock
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
COUNSEL FOR PLAINTIFFS

# Exhibit A

NO. 12-CI-05631

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE PERRY

SCHULTE HOSPITALITY GROUP, INC.
FLORENCE SCHULTE, LLC
DARRYL D. SCHULTE, JR.
RAY SCHULTE
SUSAN SCHULTE

PLAINTIFFS

v.

**AFFIDAVIT OF DARRYL SCHULTE**
**IN SUPPORT OF TEMPORARY INJUNCTION**

FLORENCE HOSPITALITY, LLC
YAGNESH PATEL
JOHN IOAN TAMPA

DEFENDANTS

* * * * *

Darryl D. Schulte, Jr., after being sworn, states as follows:

1. I am the chief executive officer of Schulte Hospitality Group, Inc. ("SHG") and a member of Florence Schulte, LLC ("Florence Schulte"). I am the Manager of Florence Hospitality, LLC ("Florence Hospitality"). As such, I have access to and control of the records relating to SHG, Florence Schulte, and Florence Hospitality. I am familiar with the activities of these entities.

2. In July 2011, Florence Schulte agreed to form a limited liability company with Messrs. Patel and Tampa to acquire a hotel in Florence, Kentucky. That limited liability company is Florence Hospitality.

3. Thereafter, my business relationship with Messrs. Patel and Tampa deteriorated as a result of dealings unrelated to Florence Hospitality.

4. I had put significant effort into the formation and implementation of Florence Hospitality. By the time the relationship had broken down, we were too far along to cancel acquisition of the Florence hotel without serious consequences.

5. I negotiated with Mr. Patel and Mr. Tampa to settle the treatment of Florence Hospitality. The settlement is reflected in Exhibit A to the Complaint. Mr. Patel and Mr. Tampa have not honored their promise, in the settlement, to repay SHG. Nevertheless, I stand ready to provide the releases of Mr. Patel and Mr. Tampa on the Wells Fargo loan used to purchase the Florence hotel, as described in the settlement. However, given their conduct, I am reluctant to cause the releases without some protection to ensure the transfer of their interests in Florence Hospitality, as provided in the settlement, when those releases are provided.

6. Since December 2011, I have operated Florence Hospitality without any assistance from or the involvement of Mr. Patel and Mr. Tampa. When additional capital was required to fund improvements, I either provided those funds or sought money from affiliated parties, such as Florence Schulte, Ray Schulte, or Susan Schulte. Since December 2011, we have made substantial capital contributions (over $830,000) to renovate the Florence hotel, and additional sums will be due soon. Messrs. Patel and Tampa have not made any capital contributions since entering into the December 2001 agreement.

7. I filed the lawsuit because Mr. Patel and Mr. Tampa did not pay their obligation to SHG, because the process for the transfer of their interests in Florence Hospitality in exchange for releases on the Wells Fargo loan needed order, and because I believed that Mr. Patel and Mr. Tampa would try to take advantage of the current status of Florence Hospitality.

8. If Mr. Patel and Mr. Tampa are allowed to hold a meeting and take the proposed actions, Plaintiffs will be immediately harmed. The lack of continuity in management will cause difficulty in operating the Florence hotel. If the hotel fails, damages will not be collectible from the defendants. Also, the proposed business for the called meeting will greatly impact the renovation, as we have been in complete charge of the project. Any change in leadership at this juncture would delay the renovation's progress which would impact negatively the obligations under the franchise agreement.

I hereby affirm under penalties of perjury that the foregoing representations are true to the best of my knowledge and belief.

Darryl D. Schulte, Jr.

COMMONWELATH OF KENTUCKY )
COUNTY OF JEFFERSON )

The foregoing instrument was acknowledged before me this 31st day of October, 2012, by Darryl D. Schulte, Jr.

My commission expires: 5/29/16.

NOTARY PUBLIC

[SEAL]

# Exhibit B

# AGREEMENT REGARDING INTEREST IN FLORENCE HOSPITALITY, LLC

THIS AGREEMENT REGARDING INTEREST IN FLORENCE HOSPITALITY, LLC, is entered into this __ day of December, 2011 by and among FLORENCE HOSPITALITY, LLC, a Kentucky limited liability company ("Florence Hospitality"), DARRYL D. SCHULTE, JR., RAY SCHULTE and SUSAN SCHULTE (collectively "Schulte"), JOHN I. TAMPA ("Tampa") and YAGNESH PATEL ("Patel").

## RECITALS:

A. Tampa, Patel and Florence Schulte, LLC, a Kentucky limited liability company ("Florence Schulte"), are all of the members of Florence Hospitality. Darryl D. Schulte, Jr. is the manager member of Florence Schulte LLC. Darryl D. Schulte, Jr., Ray Schulte and Susan Schulte are all members of Florence Schulte LLC.

B. Tampa and Patel desire to transfer their respective membership interests in Florence Hospitality not later than six (6) months from the date hereof (the "Transfer Deadline"), and Schulte desires to assume such membership interest individually, or on behalf of Florence Schulte LLC not later than the Transfer Deadline.

IN CONSIDERATION THEREFOR, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Schulte agrees:

(a) Not later than the Transfer Deadline, to cause the release of all obligations of Tampa and Patel under any and all loan documents (the "Loan Documents"), Franchise Agreements or any other liabilities of Florence Hospitality, executed by Tampa and Patel in connection with a Three Million, Eight Hundred Thirty-Seven Thousand and Fifty Dollar ($3,837,050.00) loan from Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Merrill Lynch Mortgage Trust 2005-MKB2, Commercial Mortgage Pass-Through Certificates, Series 2005-MKB2, assumed by Florence Hospitality; and

(b) To indemnify Tampa and Patel with respect to any claims or liability incurred by them arising from enforcement of the Loan Documents, Franchise Agreements or any other liabilities of Florence Hospitality from the date hereof through three (3) years after the Transfer Deadline.

2. Tampa and Patel agree to transfer their respective membership interests in Florence Hospitality to Schulte or Florence Schulte, in consideration for and upon receipt of evidence of the releases described in Section 1(a) above. No additional consideration will be given to Tampa and Patel in exchange for their interest in Florence Hospitality and, prior to and after the transfer of interest, Tampa and Patel shall not be entitled to any profits and revenue generated by the Cincinnati Airport Courtyard by Marriott, nor shall Tampa and Patel be entitled to any return of their capital investment, notwithstanding the terms of the Florence Hospitality Operating Agreement.

3. In the event that Florence Hospitality, Florence Schulte and/or Schulte fail to secure and obtain the releases described in Section 1(a) above within thirty (30) days after the Transfer Deadline, Florence Schulte shall pay Tampa and Patel $10,000.00 per month (the "Extension Payment") until such time as evidence of such releases described in Section 1(a) above have

been delivered to Tampa and Patel. The Extension Payment shall be due and payable on the first day of each month following the date which is thirty (30) days after the Transfer Deadline, until evidence of such releases have been delivered. In the event that Florence Hospitality, Florence Schulte and/or Schulte fail to secure and obtain the releases described in Section 1(a) above by December 31, 2012, Florence Schulte shall pay Tampa and Patel a one-time extension fee of $100,000.00, plus the monthly Extension Payment until such time as evidence of such releases described in Section 1(a) above have been delivered to Tampa and Patel, which evidence shall be delivered not later than December 31, 2013.

4. In the event that Florence Hospitality, Florence Schulte and/or Schulte fail to secure and obtain the releases described in Section 1(a) above, Florence Schulte and/or Schulte shall pay any and all costs associated with any refinancing or transfer expenses incurred by Patel or Tampa. Additionally Florence Hospitality, Florence Schulte and Schulte will turnover any bank accounts, agreements, income and management relative to Florence Hospitality to Patel and Tampa.

5. Darryl D. Schulte, Jr., Ray Schulte and Susan Schulte hereby agree that they may not transfer their ownership interest in and to Florence Schulte, LLC or the ownership interests of Florence Schulte LLC in and to Florence Hospitality, LLC to any person or entity without the express written consent of Patel or Tampa or until the releases described in Section 1(a) above have been successfully accomplished.

6. Schulte, Florence Schulte and Florence Hospitality hereby waive any and all notice of default under the above agreement.

7. Any default by Schulte, Florence Schulte or Florence Hospitality of any obligation contained in the Loan Documents, Franchise Agreement, Insurance Agreement or Property Tax Payment requirements shall be a default of this Agreement and any uncured default for a period of thirty (30) days or more shall trigger Florence Schulte's obligation to make the monthly Extension Payment in accordance with the terms of Section 3 above.

8. Within thirty (30) days after receipt of a written request, Schulte, Florence Schulte and Florence Hospitality shall provide to Patel and Tampa proof of insurance, proof of payment of real estate taxes, and updates and standing with respect to the obligations under the Franchise Agreement.

9. Patel and Tampa hereby acknowledge a debt to Schulte Hospitality Group, Inc., an affiliate of Florence Schulte, in the aggregate amount of $317,000, $100,000 of which shall be due and payable upon closing of the loan referenced in Section 1(a) above, another $40,000 of which shall be due and payable not later than January 31, 2012, another $40,000 of which shall be due and payable not later than February 28, 2012, and the final $137,000 of which shall be due and payable not later than March 31, 2012.

10. Patel and Tampa shall also hold Darryl D. Schulte, Jr. harmless and shall indemnify Darryl D. Schulte, Jr. for any and all damages, costs or liabilities (including but not limited to reasonable attorneys' fees) incurred by Darryl D. Schulte, Jr. as a result of his execution of a

guaranty agreement in connection with a $2,150,000 loan to Sasi, LLC, secured by property located in Birmingham, Alabama.

(signatures on following page)

WITNESS WHEREOF, the undersigned have executed this Agreement as of the date set forth above.

Darryl D. Schulte, Jr.

Ray Schulte

Susan Schulte

John I. Tampa

Yagnesh Patel

# Exhibit C

RECEIVED OCT 24 2012

**Notice of Special Meeting of the Members**

The undersigned Members of Florence Hospitality, LLC ("Company") as holders of more than 20% of the Company hereby provide written notice to all Members and Managers pursuant to Section 6.06 of the Operating Agreement of the Company.

| | |
|---|---|
| Date of Meeting: | November 12, 2012 |
| Time: | 11:00 a.m. EST |
| Location: | 1915 Broad Ripple Avenue<br>Indianapolis, Indiana 46220 |

Description of business to be discussed at meeting:

1. Removal of Florence Schulte, LLC and/or Darryl Schulte, Jr. as Manager(s).
2. Review of Hotel Management Contract
3. Possible Notice of Default Schulte Hospitality Group, LLC for its default under the Hotel Management Contract
4. Review and create corrective action plan for unacceptable GSS scores
5. Review and create corrective action plan to avoid default with Marriott
6. Schedule interviews with hotel employees
7. Review status of hotel renovation and progress update
8. Review account receivable
9. Review accounts payable and anticipated liabilities

East of the undersigned, who collectively constitute 2/3 of the members of Florence Hospitality, LLC, have executed this Notice of Special Meeting of the Members this 23 day of October, 2012.

[signature]
John Tampa

[signature: Y Patel]
Yagnesh Patel

NO. 12-CI-05631

JEFFERSON CIRCUIT COURT
DIVISION THREE (3)
JUDGE PERRY

SCHULTE HOSPITALITY GROUP, INC.
FLORENCE SCHULTE, LLC
DARRYL D. SCHULTE, JR.
RAY SCHULTE
SUSAN SCHULTE

PLAINTIFFS

v.

[PROPOSED] TEMPORARY INJUNCTION

FLORENCE HOSPITALITY, LLC
YAGNESH PATEL
JOHN IOAN TAMPA

DEFENDANTS

* * * * *

This matter having come before the Court on motion of Plaintiffs, Schulte Hospitality Group, Inc., Florence Schulte, LLC, Darryl D. Schulte, Jr., Ray Schulte, and Susan Schulte ("Plaintiffs") and the Court having considered the allegations of the complaint, supporting affidavit, Plaintiffs' memorandum in support of their motion for temporary injunction and attached exhibits, having heard the arguments of counsel, and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendants, Florence Hospitality, LLC, Yagnesh Patel, and John I. Tampa, are hereby temporarily enjoined and prohibited from:

1. Holding a special meeting on November 12, 2012, at 11:00 a.m. EST, called by Yagnesh Patel and John I. Tampa .

2. Exercising any rights granted by the Operating Agreement of Florence Hospitality, LLC to call meetings of the members;

3. Issuing or causing Florence Hospitality to issue distributions during the pendency of this litigation;

4. Seeking the removal of Florence Schulte, LLC and/or Darryl Schulte, Jr. as Managers of Florence Hospitality, LLC.

5. Issuing or causing Florence Hospitality to issue a Notice of Default to Schulte Hospitality Group, Inc. pursuant to the Hotel Management Contract;

6. Attempting to contact Marriott International about matters related to Florence Hospitality, the Cincinnati Airport Courtyard by Marriott, the franchise agreement, or any other Schulte related entity;

7. Attempting to contact hotel employees, vendors, guests, or clients;

8. Entering the premises of the Cincinnati Airport Courtyard by Marriott located at 46 Cavalier Boulevard, Florence, Kentucky;

9. Examining the accounts receivables, accounts payable, and other anticipated liabilities of Florence Hospitality, LLC;

10. Seeking the dissolution of Florence Hospitality, LLC;

11. The Court shall conduct a further hearing in this matter on ______________.

Entered this ____ day of November, 2012, at _______ _m.

_______________________________
JUDGE, Jefferson Circuit Court

Tendered by:

_______________________________
Clark C. Johnson
Brian R. Pollack
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville KY 40202-3552
Telephone: (502) 587-3400
*Counsel for Plaintiffs*

**CLERK'S SERVICE LIST**

Terry Monday
Monday Jones & Albright
1915 Broad Ripple Avenue
Indianapolis, IN 46220
*Counsel for Individual Defendants*

Florence Hospitality, LLC
2120 High Wickham Place, Suite 200
Louisville KY 40245

Yagnesh Patel
3564 Hintocks Circle
Carmel, IN 46032

John Ioan Tampa
3248 Camp Branch Circle
Buford, GA 30519

______________________________
Clerk, Jefferson Circuit Court