UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| SCHULTE HOSPITALITY GROUP, INC.,<br>FLORENCE SCHULTE, LLC,<br>DARRYL D. SCHULTE, JR.,<br>RAY SCHULTE, and<br>SUSAN SCHULTE<br><br>Plaintiffs,<br><br>v.<br><br>FLORENCE HOSPITALITY, LLC,<br>YAGNESH PATEL, and<br>JOHN IOAN TAMPA<br><br>Defendants. | ) | Civil Action No. 3:12-CV-748-S |

**ANSWER OF DEFENDANTS YAGNESH PATEL AND JOHN IOAN TAMPA TO PLAINTIFFS' COMPLAINT FOR MONEY DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

Come the Defendants, Yagnesh Patel and John Ioan Tampa, by counsel, and in answer to Plaintiffs' Complaint for Money Damages and Declaratory and Injunctive Relief ("the Complaint") state as follows:

1. Paragraph 1 of the Complaint purports to describe Plaintiffs' claims. As such, no response is required. To the extent a response is required, however, the Defendants deny the allegations in Paragraph 1.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny same.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 4, 5, 6, and 7 of the Complaint and therefore deny same.

5. Defendants admit the allegations in Paragraphs 8 and 9 of the Complaint.

6. In response to Paragraph 10 of the Complaint, Defendants admit that the amount in controversy exceeds the jurisdictional minimum of this Court, but deny that jurisdiction over these Defendants is proper.

7. Defendants deny the allegations in Paragraph 11 of the Complaint.

8. Defendants admit the allegations in Paragraph 12 of the Complaint.

9. Paragraph 13 of the Complaint purports to describe various written document(s) which, to the extent they exist, speak for themselves. As such, no response is required. To the extent a response is required, however, the Defendants deny the allegations in Paragraph 13.

10. Paragraph 14 of the Complaint purports to describe various written documents which, to the extent they exist, speak for themselves. As such, no response is required. To the extent a response is required, however, Defendants deny the allegations in Paragraph 14.

11. Defendants deny the allegations in Paragraph 15 of the Complaint.

12. Defendants admit the allegations in the first sentence of Paragraph 16 of the Complaint. The remaining allegations in Paragraph 16 purport to describe written documents which, to the extent they exist, speak for themselves. As such, no response is required. To the extent a response is required, however, the Defendants deny the remaining allegations in Paragraph 16, including the second sentence of Paragraph 16.

13. The Defendants deny the allegations in Paragraphs 17, 18, and 19 of the Complaint.

14. In response to Paragraph 20 of the Complaint, Defendants deny the agreements with Plaintiffs as referenced in Paragraph 20. Further, Paragraph 20 references a written document which speaks for itself. To the extent Plaintiffs' allegations are inaccurate or incomplete, they are denied.

15. The Defendants deny the allegations in Paragraph 21 of the Complaint.

16. In response to Paragraph 22 of the Complaint, Defendants deny the agreements with Plaintiffs as referenced in Paragraph 22. Further, Paragraph 22 references a written document which speaks for itself. To the extent Plaintiffs' allegations are inaccurate or incomplete, they are denied.

17. The Defendants deny the allegations in Paragraphs 23, 24, 25, 26, 27, and 28 of the Complaint.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore deny same.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore deny same.

20. The Defendants deny the allegations in Paragraph 31 of the Complaint.

21. The Defendants admit the allegations in the first sentence of Paragraph 32 of the Complaint. The Defendants deny the remaining allegations in Paragraph 32.

22. The Defendants deny the allegations in Paragraph 33 of the Complaint.

23. In response to Paragraph 34 of the Complaint, Defendants hereby adopt and incorporate their responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

24. The Defendants deny the allegations in Paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45 of the Complaint.

25. In response to Paragraph 46 of the Complaint, the Defendants hereby adopt and incorporate their responses to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

26. The Defendants deny the allegations in Paragraphs 47, 48, 49, 50, and 51 of the Complaint.

27. In response to Paragraph 52 of the Complaint, the Defendants hereby adopt and incorporate their responses to Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

28. The Defendants deny the allegations in Paragraphs 53, 54, and 55 of the Complaint.

29. Defendants hereby deny any and all allegations stated in the Complaint not heretofore expressly admitted.

30. Defendants affirmatively state and allege that the Complaint fails to state claims upon which relief can be granted.

31. Defendants affirmatively state and allege that Plaintiffs' claims, in whole or in part, are subject to arbitration pursuant to the express agreement of the parties.

32. Defendants affirmatively state and allege that Plaintiffs have not met the applicable standard for the grant of injunctive relief.

33. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, pursuant to the statute of frauds.

34. Defendants affirmatively state and allege that Plaintiffs have breached express and implied provisions of any alleged agreements as well as the parties' Operating Agreement, and have further breached the duties of good faith and fair dealing.

35. Defendants affirmatively state and allege that Plaintiffs have mismanaged Florence Hospitality, LLC and the Cincinnati Airport Courtyard by Marriott hotel.

36. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, pursuant to the doctrine of unclean hands.

37. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, pursuant to the applicable statutes of limitation.

38. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to join indispensable parties.

39. Defendants affirmatively state and allege that Plaintiffs' Complaint impermissibly splits their alleged causes of action.

40. Defendants affirmatively state and allege that this matter is subject to transfer to the Southern District of Indiana pursuant to 28 U.S.C. § 1404 because the senior action, Schulte Hospitality Group, Inc. v. Yagnesh Patel and John Tampa, Case No. 1:12-cv-0768 WTL MJD is pending in the United States District Court for the Southern District of Indiana.

41. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, due to improper venue and lack of jurisdiction over the person.

42. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, pursuant to the doctrines of waiver, estoppel, and laches.

43. Defendants affirmatively state and allege that Plaintiffs' claims are barred, in whole or in part, due to failure of consideration for any of the alleged agreements referenced in Plaintiffs' Complaint.

WHEREFORE, Defendants respectfully demand as follows:

1. Judgment in favor of the Defendants on all of Plaintiffs' claims;
2. That Plaintiffs' Complaint be dismissed with prejudice;
3. Defendants' attorneys' fees and costs; and
4. Any and all other relief to which Defendants may be entitled.

Respectfully submitted,

_/s/Donald L. Cox_
Donald L. Cox
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 W. Jefferson St.
Suite 2100
Louisville, KY 40202
(502) 589-4215
doncox@lynchcox.com
dhemminger@lynchcox.com
***Counsel for Defendants,***
***Yagnesh Patel and John Ioan Tampa***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and also served by U.S. Mail, postage prepaid, on this 16th day of November, 2012 to:

Clark C. Johnson
Brian R. Pollock
STITES & HARBISON, PLLC
400 W. Market St., Ste. 1800
Louisville, Kentucky 40202-3352
***Counsel for Plaintiffs***

/s/*Donald L. Cox*
Donald L. Cox

P:/112449 Patel/Pleadings/Answer of Defendants 11.15.12